UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE RIVERA ISABELLO, | ) | 1:08-cv-01597-TAG HC |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS |
| v. | ) ) ) | |
| KEN CLARK, Warden, | ) ) | (Doc. 1) |
| Respondent. | ) ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on October 23, 2008. A preliminary review of the Petition, however, reveals that the petition may be untimely and should therefore be dismissed.

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th

1

Cir.2001).

The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

### B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on October 23, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme

Court on June 18, 2003.  (Doc. 1, p. 2). Thus, direct review would conclude on September 17, 2003, when the ninety day period for seeking review in the United States Supreme Court expired. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887 (1983); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999); <u>Smith v. Bowersox</u>, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would have one year from September 18, 2003, or until September 18, 2004, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

Here, the instant federal petition was not filed until October 23, 2008, over four years *after* the AEDPA one-year limitation period had expired.  Thus, unless Petitioner is entitled to some form of statutory or equitable tolling, the petition is untimely and must be dismissed.

C.  <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In <u>Nino v. Galaza</u>, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1]  <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); <u>see</u>, <u>also</u>, <u>Taylor v. Lee</u>, 186 F.3d 557 (4th Cir. 1999); <u>Barnett v. Lemaster</u>, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  <u>Id</u>. at 1005.  However, the limitations period is not tolled for the time such an application is pending in federal court.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-182 (2001); <u>see</u> <u>Fail v. Hubbard</u>, 272 F.3d 1133, 1135-1136 (9th Cir.2001).

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. <u>See</u>, <u>Nino</u> 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. <u>Id</u>. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. <u>See</u>, <u>id</u>.

1     This statutory tolling will apply if a state petition has been "properly filed." Artuz v. Bennett, 531 U.S. 4, 8 (2000)(holding that a properly filed state application complies with the applicable laws and rules governing filings, including the form of the application and time limitations). A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-224 (2002).

In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."). There is no tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling during gap between first set of state petitions and second). Nor is a petitioner entitled to continuous tolling when the later petition raises unrelated claims. Gaston v. Palmer, 447 F.3d 1165 (9th cir. 2006). However, if the state supreme court denies a petition for failure to allege with sufficient particularity facts warranting habeas relief and allows amendment to comply, petitioner will be entitled to tolling for the period between denial and commencement of next series of petitions if the subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition and the second petition is not denied as untimely. King v. Roe, 340 F.3d 821 (9th Cir. 2003).

The limitations period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." Nino, 183 F.3d at 1006-1007.   Nor is there tolling between finality and the filing of a federal petition. Id. at 1007. And, as mentioned previously, the one-year period is not tolled during the pendency of a federal petition. Duncan, 533 U.S. at 181-182.

Here, Petitioner alleges that he initiated a "round" of state habeas petitions, commencing with a petition filed in the Stanislaus County Superior Court on January 31, 2007. Thereafter, Petitioner filed state petitions in the California Court of Appeal and the California Supreme Court.

4

Unfortunately, these petitions do not entitle Petitioner to statutory tolling under the AEDPA.

A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Here, as mentioned, the limitations period expired on September 18, 2004, approximately twenty-seven months *before* Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

Petitioner acknowledges the timeliness problem in his petition, contending that nevertheless the Court should hear the claims raised in the petition and "excuse the procedural default" because he had ineffective assistance of counsel and the sentencing court acted in excess of its jurisdiction. (Doc. 1, p. 14). In essence, Petitioner asks that the Court overlook the AEDPA's limitation period and proceed to the merits of the petition because those merits are compelling. This the Court cannot do. The AEDPA provides no discretion for a federal district court in applying the one-year limitation period. The only conceivable latitude lies in those rare circumstances when the Court concludes that equitable tolling is appropriate.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner maintains that he was denied the effective assistance of trial and appellate counsel and therefore the Court should excuse his untimeliness. Even were those allegations true, they would not justify equitable tolling. The Ninth Circuit held that the miscalculation of the limitations period by a petitioner's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling. <u>Frye v. Hickman</u>, 273 F.3d 1144, 1145(9th Cir. 2001); <u>see</u> <u>also</u> <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066-1067 (9th Cir. 2002)(counsel's prejudicial miscalculation of deadline not "extraordinary circumstance"). Here, there is no indication that Petitioner's former trial and appellate counsel were negligent in any way <u>that affected Petitioner's ability to file a timely federal petition</u>.

Petitioner also contends that the Court should excuse his untimeliness because he raises an important issue about the sentencing court acting in excess of its jurisdiction. However, that is simply another way of asking the Court to excuse a lack of diligence because of the substantiality of the claim.

The one year time limit commences on the date the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," not when it was actually discovered by the petitioner. In addition, the trigger in 28 U.S.C. § 2244(d)(1)(D) is the discovery (actual or imputed) of the claim's "factual predicate," not the recognition of the facts legal significance. Stated differently, the time begins when the prisoner knows (or through diligence could discover) the important facts, not when he recognizes their legal significance. Here, Petitioner clearly was aware of the conduct of both trial and appellate counsel giving rise to his claims for ineffective assistance during and immediately after their representation of him. Similarly, Petitioner was aware of the fact of the trial court's sentencing of Petitioner at the time it occurred. That Petitioner failed to appreciate the legal significance of these known facts does not justify equitable tolling.

Moreover, equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights. Thus, the Court must consider petitioner's diligence in pursuing his claims. Petitioner himself acknowledges the untimeliness of his claims and offers no excuse other than that the claims are meritorious. Petitioner has not alleged

6

Petitioner maintains that he was denied the effective assistance of trial and appellate counsel and therefore the Court should excuse his untimeliness. Even were those allegations true, they would not justify equitable tolling. The Ninth Circuit held that the miscalculation of the limitations period by a petitioner's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling. <u>Frye v. Hickman</u>, 273 F.3d 1144, 1145(9th Cir. 2001); <u>see</u> <u>also</u> <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066-1067 (9th Cir. 2002)(counsel's prejudicial miscalculation of deadline not "extraordinary circumstance"). Here, there is no indication that Petitioner's former trial and appellate counsel were negligent in any way <u>that affected Petitioner's ability to file a timely federal petition</u>.

Petitioner also contends that the Court should excuse his untimeliness because he raises an important issue about the sentencing court acting in excess of its jurisdiction. However, that is simply another way of asking the Court to excuse a lack of diligence because of the substantiality of the claim.

The one year time limit commences on the date the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," not when it was actually discovered by the petitioner. In addition, the trigger in 28 U.S.C. § 2244(d)(1)(D) is the discovery (actual or imputed) of the claim's "factual predicate," not the recognition of the facts legal significance. Stated differently, the time begins when the prisoner knows (or through diligence could discover) the important facts, not when he recognizes their legal significance. Here, Petitioner clearly was aware of the conduct of both trial and appellate counsel giving rise to his claims for ineffective assistance during and immediately after their representation of him. Similarly, Petitioner was aware of the fact of the trial court's sentencing of Petitioner at the time it occurred. That Petitioner failed to appreciate the legal significance of these known facts does not justify equitable tolling.

Moreover, equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights. Thus, the Court must consider petitioner's diligence in pursuing his claims. Petitioner himself acknowledges the untimeliness of his claims and offers no excuse other than that the claims are meritorious. Petitioner has not alleged

any facts that would establish that "extraordinary" circumstances beyond his control prevented him from filing a timely petition. A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See, Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see, also, Miles, 187 F.3d at 1107.

The Ninth Circuit has indicated that, prior to dismissing a petition as untimely, the Court must give a petitioner the chance to respond. Herbst v. Cook, 260 F.3d at 1041-1042. Accordingly, the Court will permit Petitioner to submit a response.

## ORDER TO SHOW CAUSE

Accordingly, the Court HEREBY ORDERS as follows:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in dismissal of the Petition pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **November 13, 2008**                    /s/ Theresa A. Goldner
                                                          UNITED STATES MAGISTRATE JUDGE