1
2
3
4
5
6
7                              UNITED STATES DISTRICT COURT
8                              EASTERN DISTRICT OF CALIFORNIA
9

10   JOE RIVERA ISABELLO,                )   1:08-cv-01597-TAG HC
                                          )
11                  Petitioner,           )   ORDER DISMISSING PETITION FOR WRIT
                                          )   OF HABEAS CORPUS FOR VIOLATION OF
12        v.                              )   THE ONE-YEAR STATUTE OF
                                          )   LIMITATIONS  (Doc. 1)
13                                        )
     KEN CLARK, Warden,                   )   ORDER DIRECTING CLERK OF COURT
14                                        )   TO ENTER JUDGMENT AND CLOSE FILE
                    Respondent.           )
15   _____  )

16
                                    **PROCEDURAL HISTORY**
17
         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
18
   pursuant to 28 U.S.C. § 2254.  The instant federal petition for writ of habeas corpus was filed on
19
   October 23, 2008. (Doc. 1).  On November 13, 2008, the Court issued an Order to Show Cause why
20
   the petition should not be dismissed for violating 28 U.S.C. § 2244(d)(1).  (Doc. 4).  The Order to
21
   Show Cause gave Petitioner thirty days in which to file a response.  On November 21, 2008,
22
   Petitioner filed his response to the Order to Show Cause.  (Doc. 7).  In his response, Petitioner argues
23
   that (1) an illegal sentence is cognizable at all times and is therefore not subject to the statute of
24
   limitations; and (2)  the one-year limitation period found in 28 U.S.C. § 2244(d)(1) is
25
   unconstitutional.  (Id.).  The Court rejects these contentions; moreover, because Petitioner has failed
26
   to satisfy the Court's concerns that the petition was filed more than four years after the one-year
27
   limitation period expired, the Court has no alternative but to dismiss the petition as untimely.
28

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  In Herbst v. Cook, the Ninth Circuit concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  Herbst v. Cook, 260 F.3d 1039, 1041-1042 (9th Cir. 2001).  Here, by permitting Petitioner to file a response to the Court's Order to Show Cause, the Court has provided Petitioner with adequate notice of its intent to dismiss the petition as untimely.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 326, 117 S. Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059.  The instant petition was filed on October 23,  2008, and thus, it is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on June 18, 2003. (Doc. 1, p. 2). Thus, direct review would conclude on September 17, 2003, when the ninety day period for seeking review in the United States Supreme Court expired. Brambles v. Duncan, 412 F. 3d 1066, 1069 (9th Cir. 2005)(citing Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir.1999). Petitioner would have one year from September 18, 2003, or until September 18, 2004, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

Here, the instant federal petition was not filed until October 23, 2008, over four years *after* the AEDPA one-year limitation period had expired. Thus, unless Petitioner is entitled to some form of statutory or equitable tolling, the petition is untimely and must be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2. Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

1  557, 560-561 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Ninth
2  Circuit reasoned that tolling the limitation period during the time a petitioner is preparing his petition
3  to file at the next appellate level reinforces the need to present all claims to the state courts first and
4  will prevent the premature filing of federal petitions out of concern that the limitation period will end
5  before all claims can be presented to the state supreme court.  Id. at 1005.  However, the limitation
6  period is not tolled for the time such an application is pending in federal court.  Duncan v. Walker,
7  533 U.S. 167, 181-182 (2001).

8       This statutory tolling will apply if a state petition has been "properly filed."  Artuz v. Bennett,
9  531 U.S. 4, 8, 121 S. Ct. 361 (2000)(holding that a properly filed state application complies with the
10  applicable laws and rules governing filings, including the form of the application and time
11  limitations).  A state habeas petition is "pending" during a full round of review in the state courts, a
12  period that includes the time between a lower court decision and filing a new petition in a higher
13  court as long as those intervals are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-224, 122 S.
14  Ct. 2134 (2002).

15       In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a
16  petitioner begins a separate round of review "each time [he] files a new habeas petition at the same
17  or a lower level" of the state court system.  See also Nino, 183 F.3d at 1006-1007 (intervals tolled
18  between state court's disposition of a state habeas petition and the filing of "a petition at the next
19  state appellate level.").  There is no tolling for the period between sets or "rounds" of state habeas
20  petitions.  Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)(no tolling once California Supreme
21  Court denied review).  Nor is a petitioner entitled to continuous tolling when the later petition raises
22  unrelated claims.  Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006).  However, if the state supreme
23  court denies a petition for failure to allege with sufficient particularity facts warranting habeas relief
24  and allows amendment to comply, the petitioner will be entitled to tolling for the period between
25  denial and commencement of next series of petitions if the subsequent petitions are limited to an
26  elaboration of the facts relating to the claims in the first petition and the second petition is not denied
27  as untimely.  King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).

28

The limitation period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." Nino, 183 F.3d at 1006-1007. Nor is there tolling between finality and the filing of a federal petition. Id. at 1007. And, as mentioned previously, the one-year period is not tolled during the pendency of a federal petition. Duncan, 533 U.S. at 181-182.

Here, Petitioner alleges that he initiated a "round" of state habeas petitions, commencing with a petition filed in the Stanislaus County Superior Court on January 31, 2007. Thereafter, Petitioner filed state petitions in the California Court of Appeal and the California Supreme Court. Unfortunately, these petitions do not entitle Petitioner to statutory tolling under the AEDPA.

A petitioner is not entitled to tolling where the limitation period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed.").

Here, as mentioned, the limitation period expired on September 18, 2004, approximately twenty-seven months *before* Petitioner filed his first state habeas petition. Accordingly, Petitioner cannot avail himself of the statutory tolling provisions of the AEDPA.

Petitioner acknowledges the timeliness problem in his petition, contending that nevertheless the Court should hear the claims raised in the petition and "excuse the procedural default" because he had ineffective assistance of counsel and because the sentencing court acted in excess of its jurisdiction. (Doc. 1, p. 14). In essence, Petitioner asks that the Court overlook the AEDPA's limitation period and proceed to the merits of the petition because those merits are compelling. This the Court cannot do. The AEDPA provides no discretion for a federal district court in applying the one-year limitation period. The only conceivable latitude lies in those rare circumstances when the Court concludes that equitable tolling is appropriate.

D.  Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Spitsyn v. Moore, 345 F.

5

3d 796, 799 (9th Cir. 2003)(citation omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Here, Petitioner maintains that he was denied the effective assistance of trial and appellate counsel and therefore the Court should excuse his untimeliness.  Even were those allegations true, they would not justify equitable tolling.  The Ninth Circuit held that "the miscalculation of the limitations period by [petitioner's] counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." Frye v. Hickman, 273 F.3d 1144, 1145-1146 (9th Cir. 2001); see also Miranda v. Castro, 292 F.3d 1063, 1066-1067 (9th Cir. 2002)(counsel's prejudicial miscalculation of deadline not "extraordinary circumstance").  Here, there is no indication that Petitioner's former trial and appellate counsel were negligent in any way that affected Petitioner's ability to file a timely federal petition.

Petitioner also contends that the Court should excuse his untimeliness because he raises an important issue about the sentencing court acting in excess of its jurisdiction.  However, that is simply another way of asking the Court to excuse a lack of diligence because of the substantiality of the claim.

The one year time limit commences on the date the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," not when it was actually discovered by the petitioner.  In addition, the trigger in 28 U.S.C. § 2244(d)(1)(D) is the discovery (actual or imputed) of the claim's "factual predicate," not the recognition of the facts legal significance.  Stated differently, the time begins when the prisoner knows (or through diligence could discover) the important facts, not when he recognizes their legal significance.  Here, Petitioner clearly was aware of the conduct of both trial and appellate counsel giving rise to his claims for ineffective assistance during and immediately after their representation of him.  Similarly, Petitioner was aware of the fact of the trial court's sentencing of Petitioner at the time it occurred.  That Petitioner failed to appreciate the legal significance of these known facts does not justify equitable tolling.

///

Moreover, equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights. Thus, the Court must consider Petitioner's diligence in pursuing his claims. Petitioner himself acknowledges the untimeliness of his claims and offers no excuse other than that the claims are meritorious. Petitioner has not alleged any facts that would establish that "extraordinary" circumstances beyond his control prevented him from filing a timely petition. A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, 104 S. Ct. 1723 (1984); see also, Miles, 187 F.3d at 1107.

### E.  The constitutionality of the AEDPA

Turning to Petitioner's constitutional challenges, Petitioner's contentions are twofold: (1) an illegal sentence may be corrected at any time; and (2) the AEDPA's one-year limitation period is an unconstitutional violation of the Supremacy Clause and the separation of powers as well as the Fourteenth Amendment. (Doc. 6, pp. 2-7). Petitioner's contentions are without merit.

Petitioner's contention that under California law an illegal sentence may be corrected at anytime misses the point. Even if that is a correct statement of California law, it does not in any way impugn the constitutionality of the AEDPA's one-year limitation period, which is a federal, not state, requirement. Petitioner is certainly entitled to avail himself of California's law and that State's habeas corpus processes to seek relief from a sentence allegedly illegal under that State's laws. However, Petitioner has not cited any authority that would suggest that a California statute permitting relief in state courts from an illegal sentence at any time prevails over the AEDPA's requirement that any federal habeas corpus petition be filed within one year of finality of the state court proceedings. This Court is unaware of any law that subordinates the requirements of the AEDPA to the vicissitudes of state law.

Regarding Petitioner's more general constitutional challenge to the AEDPA, since its enactment in 1996, the AEDPA has consistently been held to be constitutional. In Crater v. Galaza, 491 F.3d 1119 (9th Cir. 2007), the Ninth Circuit reviewed the cases upholding the AEDPA against various constitutional challenges and concluded that the statute did not violate the separation of powers nor was it an unconstitutional subordination of the federal courts to the state courts. Id. at

1129. The Ninth Circuit also considered other constitutional questions about the AEDPA before rejecting all of them:

> The constitutional foundations of § 2254(d)(1) is solidified by the Supreme Court's repeated application of the statute.  Although the Court has not squarely addressed its constitutional validity, for the past eleven years the Court has consistently applied AEDPA's standard of review to appellate habeas petitions...We consider the Court's longstanding application of the rules set forth in AEDPA to be strong evidence of the Act's constitutionality... .
>
> The settled law of this circuit also confirms this conclusion.  In Duhaime v. Ducharme, 200 F.3d 597 (9th Cir. 2000), we explained that "our cases...implicitly reject the argument that § 2254's rule directing us to look to the Supreme Court law when deciding habeas petitions is unconstitutional under *stare decisis* principles and Article III, and that such an application runs counter to congressional intent and would disrupt judicial efficiency" and ruled that "§ 2254(d)(1) does not suffer from any Article III constitutional infirmities."  We recently recognized that Duhaime is the law of this circuit. See Irons v. Carey, 479 F.3d 658, 665 n. 5 (2007).  Although Duhaime offered only a cursory analysis of the constitutionality of § 2254(d)(1), its holding binds us today.

Crater, 491 F.3d at 1129 (Citations and footnote omitted); see Green v. White, 223 F.3d 1001 (9th Cir. 2000)(AEDPA's one-year statute of limitations is not an unconstitutional violation of Suspension Clause).  This Court is bound by the Ninth Circuit's holdings that the AEDPA is constitutional.  Applying the AEDPA to this case, for the reasons discussed above, the instant petition is untimely under § 2244(d)(1).

## ORDER

Accordingly, for the foregoing reasons, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED as untimely under 28 U.S.C. § 2244(d)(1);

2. The Clerk of the Court is DIRECTED to enter judgment against Petitioner and close the file.

IT IS SO ORDERED.

Dated:   **November 25, 2008**              /s/ Theresa A. Goldner
                                         UNITED STATES MAGISTRATE JUDGE