IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE RIVERA ISABELLO, | ) | 1:08-cv-01597-TAG-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING |
| | ) | APPLICATION FOR |
| v. | ) | CERTIFICATE OF |
| | ) | APPEALABILITY |
| KEN CLARK, Warden, | ) | |
| | ) | **(**Doc. 10) |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

On November 26, 2008, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, was dismissed and judgment was entered.[1]  (Docs. 7, 8).

The instant petition was dismissed for violation of the one-year statute of limitations provided for in 28 U.S.C. § 2244(d).  (Doc. 7).  On December 29, 2008, Petitioner filed a notice of appeal and an application for a certificate of appealability.  (Docs. 9, 10).

The  requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the circuit court of appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the court that, through full briefing and argument, the potential merit of claims may appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  However, a state prisoner seeking a writ of habeas

---

[1]Petitioner consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 5).

1

1  corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal

2  is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336, 123 S.Ct.

3  1029 (2003).

4        The controlling statute in determining whether to issue a certificate of appealability is

5  28 U.S.C. § 2253, which provides as follows:

6        (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district
       judge, the final order shall be subject to review, on appeal, by the court of appeals for the
7      circuit in which the proceeding is held.
       (b) There shall be no right of appeal from a final order in a proceeding to test the validity
8      of a warrant to remove to another district or place for commitment or trial a person
       charged with a criminal offense against the United States, or to test the validity of such
9      person's detention pending removal proceedings.
       (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may
10     not be taken to the court of appeals from--
              (A) the final order in a habeas corpus proceeding in which the detention
11            complained of arises out of process issued by a State court; or
              (B) the final order in a proceeding under section 2255.
12     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has
       made a substantial showing of the denial of a constitutional right.
13     (3) The certificate of appealability under paragraph (1) shall indicate which specific issue
       or issues satisfy the showing required by paragraph (2).

14

15       Accordingly, final orders issued by a federal district court in habeas corpus proceedings

16  are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a

17  petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253.  This Court will issue a

18  certificate of appealability when a petitioner makes "a substantial showing of the denial of a

19  constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner

20  must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the

21  petition should have been resolved in a different manner or that the issues presented were

22  'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484,

23  120 1595 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383 (1983)).

24       In the present case, the Court finds that Petitioner has not made the required substantial

25  showing of the denial of a constitutional right to justify the issuance of a certificate of

26  appealability.   Reasonable jurists would not find it debatable that Petitioner has not shown an

27  entitlement to federal habeas corpus relief.

28                                           2

1    Accordingly, the Court hereby ORDERS that Petitioner's application for a certificate of

2  appealability is DENIED.

3

4  IT IS SO ORDERED.

5  Dated:  **January 7, 2009**                                  **/s/ Theresa A. Goldner**
                                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28